UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W.,<br><br>            Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | Case No. 24-cv-05686-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 10 |

       Plaintiff J.W., proceeding pro se, initiated this suit against Defendant Social Security Administration (SSA) in state court. The SSA removed on the basis that J.W. appeared to be asserting a claim for denial of benefits pursuant to the Social Security Act. Now pending before the Court is SSA's motion to dismiss the complaint on the basis that J.W. has failed to exhaust his administrative remedies. J.W. failed to file an opposition to the motion.

       Having considered the papers that have been filed and J.W.'s failure to file an opposition, the Court hereby **GRANTS** the motion to dismiss the complaint. The dismissal is without prejudice.

       **I.    FACTUAL & PROCEDURAL BACKGROUND**

       As noted above, J.W. is a pro se litigant. His complaint, which was filed in state court on March 8, 2024, is short but difficult to understand. In the complaint, he refers to a severe mental impairment as well as a "denial of disability in survivor retirement in insurance." Compl. (ECF Page 8).

       The SSA has construed J.W.'s complaint as an attempt to assert a claim for improper denial of disability benefits – implicitly because of (1) the reference to "denial of disability" in his

complaint and (2) the date that he filed his complaint. In conjunction with the pending motion, the SSA has asked the Court to take judicial notice of the fact that J.W. filed the instant case a week after he filed applications for disability benefits with the SSA (on March 1, 2024). *See* Signorello Decl. ¶ 8. The SSA has also asked the Court to take judicial notice of the fact that J.W.'s applications for benefits were subsequently denied at the initial level[1] on August 7, 2024.[2] *See* Signorello Decl. ¶ 8.

Because the SSA so construed J.W.'s complaint, it removed his case from state to federal court based on federal question jurisdiction.[3] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The SSA then filed the pending motion, arguing that J.W.'s case should be dismissed for failure to exhaust his administrative remedies before filing suit.

## II.     DISCUSSION

As an initial matter, the Court agrees with the government's assessment of J.W.'s case as one asserting a claim for improper denial of disability benefits under the Social Security Act. As the government points out, that seems to be the gist of J.W.'s case given his reference to his

---

[1]
> Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an *initial* determination as to his eligibility. Second, the claimant must seek *reconsideration* of the initial determination. Third, the claimant must request a *hearing*, which is conducted *by an ALJ* [Administrative Law Judge]. Fourth, the claimant must seek review of the ALJ's decision by the *Appeals Council*. *See* 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, [42 U.S.C.] § 405(g) entitles him to judicial review in federal district court.

*Smith v. Berryhill*, 587 U.S. 471, 475-76 (2019) (emphasis added).

[2] According to the SSA, before J.W. filed his applications for disability benefits in March 2024, he had been approved for benefits in December 2002. However, those benefits were suspended in mid-2019, and the next year the benefits were terminated. J.W. filed new applications for disability benefits in June and July 2021, but those applications were denied in January 2022, and J.W. did not appeal those decisions. *See* Signorello Decl. ¶¶ 4-7.

[3] The government did not remove the case until August 22, 2024. According to the agency, this was because it did not receive a copy of J.W.'s complaint until August 2, 2024. *See* Not. of Removal ¶ 2.

1  mental impairment and denial of disability. Such an inference is also supported by the fact that
2  J.W. initiated this suit shortly after he filed new benefits applications.[4]

3  Because the Court agrees with the SSA that J.W. is bringing such a claim, it must address
4  the government's contention that dismissal is warranted because J.W. failed to exhaust his
5  administrative remedies with the agency before filing suit. *See* Mot. at 4 (citing 42 U.S.C. §
6  405(g)).

A.   Legal Standard

The government's motion is based on Federal Rule of Civil Procedure 12(b)(6). There is authority to support the government's position that Rule 12(b)(6) is the proper procedural means by which to make an exhaustion argument. *See, e.g.*, *Smith*, 587 U.S. at 478 (stating that § 405(g) has a "'jurisdictional' [nonwaivable] requirement that claims be presented to the agency, and . . . a '[nonjurisdictional] waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted'"); *L.N.P. v. Kijakazi*, 64 F.4th 577, 585 (4th Cir. 2023) (holding that exhaustion under § 405(g) is an issue that should be raised through a Rule 12(b)(6) motion; a Rule 12(b)(1) motion would be appropriate only if the plaintiff had altogether failed to submit a claim to the SSA). However, there is also authority to support the position that a failure to exhaust implicates subject matter jurisdiction and therefore should be raised through a Rule 12(b)(1) motion. *See, e.g.*, *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975) (stating that § 405(g)'s requirement that there be a "final decision of the Secretary made after a hearing" is "central to the requisite grant of subject-matter jurisdiction – the statute empowers district courts to review a particular type of decision by the Secretary, the type being those which are 'final' and 'made after a hearing'"); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1988) (stating that "[a] claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction").

---

[4] The Court grants the government's request to take judicial notice of the fact that the SSA denied his claim for benefits at the initial level and the date that this decision was made. Under Federal Rule of 201(b), a court may take judicial notice of "public records, including the records and reports of administrative bodies." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (internal quotations and citations omitted).

1    As a practical matter, whether the SSA's motion to dismiss is properly brought as a Rule 12(b)(6) or 12(b)(1) motion is not material. Even if the Court were to construe the motion as a Rule 12(b)(1) motion, the government would be making a facial challenge to subject matter jurisdiction. A facial challenge under Rule 12(b)(1) is similar to a 12(b)(6) challenge in that both focus on the allegations made in the four corners of the complaint (along with any facts that may be judicially noticed).[5] *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (stating that a court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.").

B.   Exhaustion of Administrative Remedies

Title 42 U.S.C. § 405(g) of the Social Security Act provides as follows:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States in which the plaintiff resides . . . .

42 U.S.C. § 405(g) (emphasis added); *see also id.* § 405(h) (providing that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided").

As the plain language of § 405(g) makes clear, a plaintiff may assert a claim for improper denial of disability benefits only if there is a "final decision" of the SSA. The Supreme Court has explained that § 405(g) "delegates to the SSA the authority to dictate which steps are generally required" before a decision is deemed final – *i.e.*, what is required to exhaust the administrative appeals process. *Smith*, 587 U.S. at 478 (citing *Sims v. Apfel*, 530 U.S. 103, 106 (2000)). The administrative appeals process has four steps:

---

[5] "[P]ro se pleadings are liberally construed." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

4

> First, the claimant must seek an *initial* determination as to his eligibility. Second, the claimant must seek *reconsideration* of the initial determination. Third, the claimant must request a *hearing*, which is conducted *by an ALJ* [Administrative Law Judge]. Fourth, the claimant must seek review of the ALJ's decision by the *Appeals Council*. *See* 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, [42 U.S.C.] § 405(g) entitles him to judicial review in federal district court.

*Smith*, 587 U.S. at 475-76 (2019) (emphasis added). Here, the SSA argues that the 2024 denials were merely initial determinations and, thus, J.W. did not receive a final decision made after a hearing that could be reviewed by this Court. The Court has taken judicial notice of the denial at the initial level. There is nothing in J.W.'s complaint to suggest that he has pursued his administrative rights beyond the initial determination. Nor has J.W. filed an opposition to the government's motion. Accordingly, as the SSA argues, J.W. has failed to exhaust his administrative remedies as no "final decision" has been rendered by the agency.

   The Court acknowledges that there are some exceptions to the general rule that administrative remedies must be exhausted before a suit can be filed in federal court. For example, a suit where a plaintiff challenges an SSA decision on constitutional grounds may be entertained. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) (stating that "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions"); *see, e.g.*, *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (noting that "the *Sanders* exception appl[ies] to any colorable constitutional claim of due process violation that implicates [*e.g.*] a due process right . . . to a meaningful opportunity to be heard") (internal quotation marks omitted). J.W.'s complaint, however, as pled does not suggest any purported constitutional violation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

For the foregoing reasons, the Court grants the government's motion to dismiss. J.W. has failed to allege sufficient facts to show that he exhausted the administrative appeals process. Furthermore, J.W.'s complaint does not suggest that he is asserting any constitutional claim. The Court's decision here does not preclude J.W. from filing suit after he receives a final decision from the SSA after a hearing. The dismissal here, therefore, is without prejudice.

The Clerk of the Court is instructed to enter a final judgment in accordance with this opinion and close the file in the case.

This order disposes of Docket No. 10.

**IT IS SO ORDERED**.

Dated: February 5, 2025

_____
EDWARD M. CHEN
United States District Judge